UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT WINCHESTER

KEITH W. McALISTER,

    Plaintiff,

v.                                                                         4:10-cv-74

SGT. JOSH TOLAR, TIM MILLER,
and HERSHELL D. KOGER,

    Defendants.

## MEMORANDUM

This *pro se* civil rights action under 42 U.S.C. § 1983 was filed *in forma pauperis* in the United States District Court for the Middle District of Tennessee, Nashville Division, and transferred to this court without service of process. For the reasons stated below, service of process shall not issue and this action will be **DISMISSED**.

Plaintiff is in the custody of the Tennessee Department of Correction. His complaint concerns his arrest and conviction in Bedford County, Tennessee. The defendants are Sgt. Josh Tolar and Officer Tim Miller, both of whom are with the Shelbyville Police Department, and attorney Hershell D. Koger.

With respect to Sgt. Tolar and Officer Miller, plaintiff alleges that on February 27, 2009, these two defendants forcibly entered plaintiff's residence without a warrant or consent, falsely arrested and handcuffed plaintiff, took plaintiff to the Bedford County Jail where he

was illegally detained, and subsequently illegally searched his home, all in violation of plaintiff's First Amendment right to privacy, his Fourth Amendment right against unreasonable searches and seizures, and his Eighth Amendment right against cruel and unusual treatment.

Federal courts must refer to state statutes and state law to determine the statute of limitation and tolling rules with respect to an action brought pursuant to 42 U.S.C. § 1983. *Board of Regents v. Tomanio*, 446 U.S. 478 (1980). The applicable statute of limitation controlling a civil rights action for damages in the State of Tennessee is Tenn. Code Ann. § 28-3-104, which provides a one (1) year period in which a civil rights lawsuit may be commenced after the cause of action accrued; the statute begins to run when the plaintiff knows or has reason to know of the injury upon which his action is based. *Sevier v. Turner*, 742 F.2d 262, 273 (6th Cir. 1984).

If it is obvious from the face of the complaint that the plaintiff's cause of action is clearly barred by the applicable statute of limitation, the district court may *sua sponte* dismiss the case as frivolous pursuant to 28 U.S.C. § 1915(e) and § 1915A. *See, e.g., Day v. E.I. Du Pont De Nemours and Company*, No. 97-6233, 1998 WL 669939 *1 (6th Cir. September 17, 1998) (unpublished decision) ("a *sua sponte* dismissal of an *in forma pauperis* complaint is appropriate where the complaint bears an affirmative defense such as the statute of limitations and is therefore frivolous on its face").

In this case, plaintiff's cause of action against defendants Tolar and Miller accrued at the time of his arrest on February 27, 2009. *See Wallace v. Kato*, 549 U.S. 384, 397 (2007) ("We hold that the statute of limitations upon a § 1983 claim seeking damages for a false arrest in violation of the Fourth Amendment, where the arrest is followed by criminal proceedings, begins to run at the time the claimant becomes detained pursuant to legal process.").

The Middle District received plaintiff's complaint on October 15, 2010. Accordingly, since the applicable statute of limitation began to run on plaintiff's claim on or about February 27, 2009, and since this action was not filed until October 15, 2010, plaintiff's claims against defendants Tolar and Miller are barred by the one-year statute of limitation.

With respect to defendant Koger, plaintiff claims that Mr. Koger was appointed to represent him in his criminal proceedings. According to plaintiff, Mr. Koger deliberately neglected plaintiff's case, made no effort to contest the bogus charges against him, and then coerced plaintiff into pleading guilty, in violation of plaintiff's Sixth Amendment right to the effective assistance of counsel.

In order to state a claim under 42 U.S.C. § 1983, plaintiff must establish that he was deprived of a federal right by a person acting under color of state law. *Black v. Barberton Citizens Hospital*, 134 F.3d 1265, 1267 (6th Cir. 1998); *O'Brien v. City of Grand Rapids*, 23 F.3d 990, 995 (6th Cir. 1994); *Russo v. City of Cincinnati*, 953 F.2d 1036, 1042 (6th Cir. 1992). The courts have uniformly held that neither a public defender nor a private attorney,

whether appointed or retained, acts under color of law or is otherwise subject to suit under 42 U.S.C. § 1983. *See, e.g., Polk County v. Dodson*, 454 U.S. 312, 325 (1981); *Mulligan v. Schlachter*, 389 F.2d 231, 233 (6th Cir. 1968).

Plaintiff has stated at best a claim of attorney malpractice against defendant Koger, and the proper forum for that would be the Tennessee state courts. Pursuant to 28 U.S.C. § 1367(c)(3), this court declines to exercise supplemental jurisdiction over any pendent state claims which the plaintiff may have.

Although this court is mindful that a *pro se* complaint is to be liberally construed, *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972), it is quite clear that the plaintiff has not alleged the deprivation of any constitutionally protected right, privilege or immunity, and, therefore, the court finds his claims to be frivolous under 28 U.S.C. §§ 1915(e) and 1915A. It appears beyond doubt that plaintiff can prove no set of facts which would entitle him to relief, *Malone v. Colyer*, 710 F.2d 258 (6th Cir. 1983), and that plaintiff's claim lacks an arguable basis in law and fact, *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Therefore, this action will be **DISMISSED** *sua sponte*, as frivolous and for failure to state a claim upon which relief can be granted under § 1983. The court will **CERTIFY** that any appeal from this action would not be taken in good faith and would be totally frivolous. *See* Rule 24 of the Federal Rules of Appellate Procedure.

**AN APPROPRIATE ORDER WILL ENTER.**

                                                    */s/Harry S. Mattice, Jr.*
                                                  HARRY S. MATTICE, JR.
                                                UNITED STATES DISTRICT JUDGE